**DENIED and Opinion Filed August 28, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00813-CV**

**IN RE DYNAMIC SLR, INC., MOHAMMAD ELASHI,**
**AND SYNAPTIC SOLAR, LLC, Relators**

**Original Proceeding from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-04389-D**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Carlyle

Before the Court is relators' August 21, 2023 petition for writ of mandamus wherein relators contend the trial court abused its discretion by denying relators' motion to abate.

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that relators lack an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators bear the burden of providing the Court with a sufficient record to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

"Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Phung Van Tran*, No. 05-14-01551-CV, 2014 WL 7234616, at *1 (Tex. App.—Dallas Dec. 19, 2014, orig. proceeding) (mem. op.) (citations omitted). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.).

Rule 52.3 requires relators to file an appendix containing "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Here, relators included an appendix containing a purported copy of a July 10, 2023 order denying relators' plea in abatement. But it is not a "certified or sworn copy."

The rules of appellate procedure require relators to file, among other things, "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Here, relators filed a mandamus record. Some of the documents included in the record are properly authenticated.[1] But relators' mandamus record includes

---

[1] Specifically, relators' mandamus record includes (1) a certified reporter's record of the July 10, 2023 hearing and (2) an affidavit by one of relators' attorneys authenticating copies of

purported copies of real parties in interest's original petition, relators' motion to abate, and relators' supplemental briefing in support of relators' motion to abate, but these are not "certified or sworn" copies. The docket sheet in the record also reflects that real parties in interest filed a supplement to their second amended petition, but relators did not include this material pleading in their mandamus record.

Accordingly, we conclude that relators failed to meet their burden to provide a sufficient record. We thus deny relators' petition without prejudice. *See* TEX. R. APP. P. 52.8(a), 52.9.

230813f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

---

various docket sheets, real parties in interest's second amended petition in the suit below, and a temporary restraining order entered in a different suit.